# Exhibit 1

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

SHARI HOGG, individually and on behalf of all other similarly situated individuals,

              **Plaintiff,**

              **-against-**

RETAIL BUSINESS SERVICES LLC,

              **Defendant.**

**Case No. 1:23-CV-613-LCB-JLW**

## COLLECTIVE AND CLASS ACTION SETTLEMENT AGREEMENT

This Collective and Class Action Settlement Agreement ("the "Agreement") is entered into by and between Plaintiff Shari Hogg, on behalf of herself and the Settlement Class Members, on the one hand, and Defendant Retail Business Services LLC, on the other hand. Subject to the final approval of the Court, the above-captioned civil action is hereby being compromised and settled pursuant to the terms and conditions set forth in this Agreement.

## DEFINITIONS

1.      "Agreement" means this Collective and Class Action Settlement Agreement.

2.      "Action" means *Hogg v. Retail Business Services LLC,* Case No. 1:23-cv-613-LCB-JLW, pending in the United States District Court for the Middle District of North Carolina.

3.      "CAFA Notice" means the notice to be sent by Defendant to the appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

4.      "CAFA Notice Period" means the ninety-day (90) period immediately following the date Defendant sends the CAFA Notice to the appropriate federal and state officials.

5.     "Check Cashing Period" means the one-hundred eighty (180) day period beginning on the day the Settlement Administrator mails the Settlement Checks to the Settlement Class Members.

6.     "Class Counsel" means the law firms of Sommers Schwartz, P.C. and Burns, Day & Presnell, P.A.

7.     "Class Counsel Award" means the amount approved by the Court to be distributed from the QSF to Class Counsel from the Gross Settlement Amount as and for attorneys' fees, expenses, and costs for Class Counsel's litigation and resolution of this Action.

8.     "Class Information" means information regarding each Class Member that Defendant will compile in good faith from its records and provide to the Settlement Administrator. The Class Information shall be formatted as a Microsoft Excel spreadsheet and shall include: (a) each Class Member's employee number(s); (b) full name; (c) last known address; (d) last known home telephone number; and (e) Social Security Number. The Class Information will be based on information in Defendant's possession as of Preliminary Approval. The Settlement Administrator will treat the Class Information as confidential information, and the Class Information shall be used solely for the purposes of effectuating the Settlement and may not be copied, disseminated, or used for any other purpose. The Settlement Administrator may not disclose the Class Information to any person, except as required by law or the provisions of this Agreement.

9.     "Class Members" means the persons who have worked for Defendant as hourly Customer Care Representatives who are included in the punch and payroll data produced by Defendant to Class Counsel on January 19, 2024, February 5, 2024, and February 21, 2024 (the "Pre-Mediation Data"). Individuals who were not identified in the Pre-Mediation Data will not be included in the Settlement unless the Parties mutually agree to their inclusion.

10. "Class Member Information Sheet" means the document identifying specific information pertaining to each Class Member, substantially in the form attached hereto as Exhibit C.

11. "Class Period" means the period from July 26, 2020 through the earlier of Preliminary Approval or August 13, 2024.

12. "Class Representative Service Award" means the amount that the Court approves to be paid from the QSF to Plaintiff Shari Hogg, in addition to her Individual Settlement Amount, in recognition of her efforts and risks in assisting with the prosecution of the Action and in exchange for the General Release in Paragraph 48 of this Agreement.

13. "Court" means the United States District Court for the Middle District of North Carolina.

14. "Defendant" means Retail Business Services LLC, whose corporate name was changed to Ahold Delhaize USA Services, LLC effective March 31, 2024.

15. "Defense Counsel" means Hunton Andrews Kurth LLP.

16. "Fairness Hearing" means the hearing to be requested by the Parties and conducted by the Court, to occur following the expiration of the CAFA Notice Period, at which time Plaintiff will request the Court to approve the fairness, reasonableness, and adequacy of the terms and conditions of the Settlement, to dismiss the Action with prejudice, and to enter the Final Approval Order.

17. "Final Approval" means the date that the Court enters the Final Approval Order approving the Settlement and dismissing the Action with prejudice.

18. "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, certifying the Rule 23 Class and the FLSA Collective, approving the terms and conditions

of this Agreement, authorizing distribution of the Individual Settlement Amounts, Class Representative Service Award, Settlement Administration Costs, and Class Counsel Award, and dismissing the Action with prejudice.

19. "FLSA Claims" means the claims alleged in the Action under the Fair Labor Standards Act for unpaid overtime wages.

20. "FLSA Settlement Payment" means the portion of the Individual Settlement Amount allocated to each Settlement Class Member for their FLSA Claims.

21. "Gross Settlement Amount" means $525,000.00, which sum includes the Individual Settlement Amounts for all Settlement Class Members (including all required withholdings from those Individual Settlement Amounts), the Class Counsel Award, the Class Representative Service Award, the Settlement Administration Costs, and the employee-side employment taxes and contributions due on the portions of the Individual Settlement Amounts that are categorized as wages under this Agreement. In addition to the $525,000.00 Gross Settlement Amount, Defendant shall be responsible for paying into the QSF any lawfully required employer share of payroll taxes associated with the portions of the Individual Settlement Amounts that are categorized as wages under this Agreement, the amount of which the Settlement Administrator shall calculate after expiration of the Response Deadline.

22. "Individual Settlement Amount" means the total amount payable from the QSF to each Settlement Class Member to resolve all claims in this Action, including their FLSA Claims and Rule 23 Claims. The Individual Settlement Amount will be paid in two checks: one check containing their FLSA Settlement Payment (the "FLSA Settlement Check") and the other check containing their Rule 23 Settlement Payment (the "Rule 23 Settlement Check" and, together with the FLSA Settlement Check, the "Settlement Checks").

-4-

23. "Net Settlement Amount" means the Gross Settlement Amount, less the amounts approved by the Court for the Class Counsel Award, the Class Representative Service Award, and the Settlement Administration Costs.

24. "Notice of Settlement" and "Settlement Notice" means the Notice of Class Action Settlement substantially in the form attached hereto as Exhibit A.

25. "Notice Packet" means the Notice of Settlement, Request for Exclusion Form, Class Member Information Sheet, and a self-addressed, stamped envelope for return to the Settlement Administrator.

26. "Parties" means Plaintiff and Defendant, collectively, and "Party" shall mean either Plaintiff or Defendant, individually.

27. "Participating Collective Members" means those Settlement Class Members who opt into the FLSA Collective by endorsing and cashing their FLSA Settlement Checks prior to the expiration of the Check Cashing Period.

28. "Plaintiff" or "Named Plaintiff" means Shari Hogg.

29. "Preliminary Approval" means the date that the Court enters the Preliminary Approval Order preliminarily approving the Settlement and this Agreement.

30. "Preliminary Approval Order" means the Order entered by the Court: (1) preliminarily certifying the Rule 23 Class solely for the purpose of effectuating the Agreement; (2) conditionally certifying the FLSA Collective pursuant to 29 U.S.C. § 216(b) solely for the purpose of effectuating the Agreement; (3) preliminarily approving the terms and conditions of this Agreement; (4) appointing Class Counsel as counsel for the FLSA Collective and Rule 23 Class; (5) directing the manner and timing of providing Settlement Notice to Class Members; and

(6) setting dates to effectuate the terms of this Agreement, including the date of the Fairness Hearing.

31.     "QSF" means the qualified settlement fund account established by the Settlement Administrator to receive the Gross Settlement Amount paid by Defendant and from which all payments under this Agreement shall be distributed.

32.     "Released Claims" means the claims released by Plaintiff, the Settlement Class Members, and the Participating Collective Members pursuant to Paragraphs 47 and 48 of this Agreement.

33.     "Released Parties" means (a) Defendant, (b) its past and present direct and indirect parents, subsidiaries, and affiliates, and (c) the predecessors, successors, assigns, shareholders, officers, directors, employees, attorneys, fiduciaries, insurers, representatives, and agents of the entities in (a) and (b), in both their individual and business capacities.

34.     "Request for Exclusion" means the Request for Exclusion Form substantially in the form attached as Exhibit B.

35.     "Response Deadline" means the date that is 45 days immediately following the initial mailing of the Notice Packet to the Class Members by the Settlement Administrator and is the last date on which Class Members may submit a Request for Exclusion or submit a Notice of Objection to the Settlement; provided, however, that the Response Deadline shall be extended pursuant to the terms of Paragraph 50(f) for those Notice Packets that are returned as undeliverable.

36.     "Rule 23 Claims" means all state law claims alleged in the Action for unpaid wages, including but not limited to claims under the Illinois Minimum Wage Act ("MIWA"), Illinois Wage Payment and Collection Act ("IWPCA"), and all common law claims and theories for breach of contract and unjust enrichment.

-6-

37.     "Rule 23 Settlement Payment" means the portion of the Individual Settlement Amount that is allocated to each Settlement Class Member for their state law Rule 23 Claims.

38.     "Settlement" means the settlement of the Action pursuant to the terms of this Agreement.

39.     "Settlement Administration Costs" means the amount approved by the Court to be paid to the Settlement Administrator from the QSF for administration of this Settlement.

40.     "Settlement Administrator" means Atticus Administration, LLC.

41.     "Settlement Class Members" means all Class Members who do not submit a Request for Exclusion prior to the expiration of the Response Deadline, as provided in this Agreement.

## RECITALS

42.     <u>Class and Collective Certification</u>.  For the sole purpose of effectuating the terms of this Agreement only, Defendant will not oppose Plaintiff's request that the Court certify the Class Members' Rule 23 Claims pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rule 23 Class") and certify the Class Members' FLSA Claims pursuant 29 U.S.C. § 216(b) (the "FLSA Collective" and, together with the Rule 23 Class, the "Settlement Classes").  Should the Settlement not become final and effective as herein provided, certification shall immediately be revoked without prejudice, and the Settlement Classes shall immediately be decertified (subject to further proceedings on motion of any party to certify or deny certification thereafter).  Defendant's agreement not to oppose certification as part of the Settlement shall have no bearing on, and shall not be admissible in or considered in connection with, the issue of whether a class or collective action should be certified in a non-settlement context in this Action and shall have no bearing on, and shall not be admissible or considered in connection with, the issue of whether a class or collective action should be certified in any other lawsuit.

-7-

43.     Procedural History.  Plaintiff Shari Hogg filed the Action on July 26, 2023, asserting claims under the FLSA, IMWA, IWPCA, and claims under state law for breach of contract and unjust enrichment seeking recovery of unpaid straight time and overtime wages, liquidated damages, and attorneys' fees.

44.     After Defendant answered the Complaint in the Action, the Parties entered into discussions concerning staying the Action so that the Parties could attempt to resolve the Action by way of mediation.  The Parties ultimately agreed to such a stay (which the Court approved), and Defendant provided Class Counsel with certain pre-mediation discovery materials, including without limitation the Pre-Mediation Data.  The Parties participated in a full-day mediation of this Action on June 14, 2024, which was conducted by Michael Russell, Esq., and following extensive negotiations, the Parties reached a full and complete settlement of the Action, the terms of which are reflected in this Agreement.

45.     Benefits of Settlement to Class Members.  Plaintiff and Class Counsel recognize the expense and length of continued proceedings necessary to litigate their claims through trial and through any possible appeals.  Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  Plaintiff and Class Counsel are also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, both generally and in response to Defendant's defenses thereto, and the difficulties in establishing damages for the Class Members.  Plaintiff and Class Counsel have also taken into account the extensive settlement negotiations conducted.  Based on the foregoing, Plaintiff and Class Counsel have determined that the Settlement set forth in this Agreement is a fair, adequate, and reasonable settlement, and is in the best interests of the Class Members.

46.     No Admission of Liability. This Agreement is a compromise of disputed claims.
Nothing contained in this Agreement and no documents referred to herein and no action taken to
carry out this Agreement may be construed or used as an admission by or against Defendant or
any of the other Released Parties or Class Members as to the merits or lack thereof of the claims
asserted in the Action.

## TERMS OF THE AGREEMENT

47.     Limited Release(s) (As To All Settlement Class Members and Participating
Collective Members).  Upon Final Approval, all Settlement Class Members will be deemed to
have released the Released Parties from any and all claims, actions, demands, causes of action,
suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever,
that are based on or reasonably related to the claims asserted in the Action, and specifically the
following claims: claims for unpaid wages (including claims for regular wages, overtime, and gap
time wages) under all applicable state statutory and common law theories.  This Release also
includes claims that Plaintiff and the Settlement Class Members may have against the Released
Parties relating to (i) the payment and allocation of attorneys' fees, costs, and expenses to Class
Counsel pursuant to this Agreement and (ii) the payment of the Class Representative Service
Award pursuant to this Agreement.  All Participating Collective Members will also be deemed to
have opted-in to the FLSA Collective and shall be deemed to have released any and all claims,
actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities against
the Released Parties under the FLSA that are based on or reasonably related to the claims asserted
in the Action, and specifically claims related to overtime compensation.  The period of the releases
in this Paragraph shall extend commensurate with that of the Class Period, as defined above.  The
releases in this Paragraph expressly exclude claims for retaliation, wrongful termination,
unemployment, disability, worker's compensation, and claims outside of the Class Period.

48.     <u>General Release (As to Plaintiff Only)</u>.  Effective upon Final Approval, Plaintiff, for herself and her heirs, next of kin, executors, administrators, agents, representatives, attorneys, successors, and assigns, knowingly and voluntarily waives, releases, acquits, and forever discharges the Released Parties from any and all claims, expenses, actions, charges, lawsuits, complaints, grievances and causes of action, of whatever nature, whether known or unknown, that exist or may exist on Plaintiff's behalf as of the date of this Agreement, including but not limited to any and all claims based on: common law, tort, contract, unjust enrichment, unpaid wages, statute, personal injury, emotional distress, invasion of privacy, defamation, fraud, *quantum meruit*, and any and all claims arising under any federal, state or other governmental statute, law, regulation or ordinance, including, but not limited to claims for violation of the FLSA, IMWA, IWPCA, any other state wage and hour laws, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, the Employee Retirement Income Security Act of 1974, Title VII of the Civil Rights Act of 1964, and the Family and Medical Leave Act of 1993.  Plaintiff covenants not to sue the Released Parties for any of the claims released herein.

49.     <u>Tax Liability</u>.  The Parties and their counsel make no representations as to the tax treatment or legal effect of the payments called for hereunder, and Settlement Class Members are not relying on any statement or representation by the Parties or their counsel in this regard. Settlement Class Members understand and agree that they will be responsible for the payment of any taxes and penalties assessed on the payments described herein and will hold the Parties and their counsel free and harmless from and against any claims, liabilities, costs and expenses, including attorney's fees, resulting in any way from personal tax treatment of the payments made

pursuant to this Agreement, including the treatment of certain of such payments as not subject to withholding or deduction for payroll and employment tax purposes. In the event that any taxing authority looks to Defendant or any other Released Party for payment of taxes, interest, or penalties in connection with the Individual Settlement Amounts made pursuant to this Agreement (exclusive only of Defendant's share of employer-side payroll taxes and other required employer withholdings for any portions of the Individual Settlement Amounts characterized as wage payments under this Agreement), Settlement Class Members agree to indemnify and hold Defendant and all other Released Parties harmless from payment of any such taxes, interest, penalties or other expenses incurred in connection with such payments.

        50. <u>Settlement Administration</u>.

        a. <u>Settlement Administrator</u>. The Settlement Administrator shall be responsible for, among other things: (1) establishing the QSF; (2) preparing, printing, and disseminating the Notice Packets via First Class U.S. Mail to Class Members; (3) making commercially reasonable searches for new addresses with no forwarding addresses, including by tracing any Notice Packets returned undeliverable to obtain a new mailing address; (4) promptly furnishing to Parties' counsel copies of any Notices of Objection and Requests for Exclusion that the Settlement Administrator receives; (5) receiving and tracking Class Members' Requests for Exclusion, Notices of Objection, and other correspondence; (6) calculating the Individual Settlement Amount allocated to each Settlement Class Member, in accordance with this Agreement, along with the amount of all payroll taxes to be paid and deductions to be withheld, including Defendant's funding obligations for the employer-side payroll taxes due on any such payments; (7) preparing and mailing the Settlement Checks to Settlement Class Members; (8) providing a report of uncashed Settlement Checks to the Parties' counsel half-way through the

Check Cashing Period and a final list of uncashed Settlement Checks at the conclusion of the Check Cashing Period; (9) distributing any approved Class Representative Service Award and Class Counsel Award; (10) calculating and paying all appropriate taxes and complying with all applicable tax reporting obligations, including preparing and filing all applicable tax forms; (11) informing the Parties' counsel if any Settlement Class Member disputes any information contained on a Class Member Information Sheet and, if appropriate, asking for more information/records; (12) referring to Class Counsel all inquiries by Class Members regarding matters not within the Settlement Administrator's duties specified herein; (13) retaining and providing a copy of Settlement Checks endorsed by Settlement Class Members and Participating Collective Members to the Parties' counsel; (14) timely responding to communications from the Parties' counsel; (15) maintaining adequate records of its activities, including the dates of the mailing(s) of Notice Packets, returned mail, and other communications and attempted written or electronic communications with Class Members; (16) protecting the personal data of Class Members, including Social Security numbers, from public disclosure; (17) indemnifying the Parties for any penalty or interest arising out of an incorrect calculation or late deposit of the same; (18) preparing a final accounting of settlement funds remaining in the QSF after the expiration of the Check Cashing Period, and distributing the remaining funds in accordance with this Agreement; (19) preparing and providing a compliance affidavit in connection with the Motion for Final Approval; and (20) such other tasks as set forth herein, or as the Parties mutually agree, or as otherwise determined by the Settlement Administrator as necessary in effectuating its duties under this Agreement.

      b.    <u>Preliminary Approval</u>. Class Counsel shall prepare and file by July 15, 2024 Plaintiff's motion for preliminary settlement approval (the "Preliminary Approval Motion"),

-12-

seeking entry of the Preliminary Approval Order. Class Counsel will provide Defense Counsel with a draft of the Preliminary Approval Motion and all supporting materials (including the proposed Preliminary Approval Order) no later than July 8, 2024, and Defense Counsel will review and make any revisions to the Preliminary Approval Motion and supporting materials no later than July 12, 2024. Class Counsel will incorporate Defense Counsel's proposed revisions to the extent they are reasonable and consistent with this Agreement.

    c. <u>CAFA Notices</u>. Within ten (10) days after the filing of the Preliminary Approval Motion with the Court, Defendant will prepare and submit CAFA Notices to the appropriate federal and state officials.

    d. <u>Class Information</u>. Within fourteen (14) days after Preliminary Approval, Defendant shall provide the Settlement Administrator with the Class Information for purposes of calculating Individual Settlement Amounts and mailing Notice Packets to Class Members.

    e. <u>Notice By First Class U.S. Mail</u>. Upon receipt of the Class Information, the Settlement Administrator will perform a search based on the National Change of Address Database to update and correct any known or identifiable address changes. Within fourteen (14) calendar days after receiving the Class Information from Defendant as provided herein, the Settlement Administrator shall mail copies of the Notice Packet to all Class Members by regular First Class U.S. Mail. The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Class Member. The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Class Member.

    f. <u>Undeliverable Notice Packets</u>. Any Notice Packets returned prior to the expiration of the Response Deadline to the Settlement Administrator as non-delivered shall be

promptly re-mailed by the Settlement Administrator; provided, however, that under no circumstances will the Settlement Administrator re-send a Notice Packet after the expiration of the Response Deadline. If a forwarding address is provided with the returned Notice Packet, the Settlement Administrator shall re-mail the Notice Packet to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator will make reasonable efforts to obtain an updated mailing address, and if an updated mailing address is identified, the Settlement Administrator will resend the Notice Packet to the Class Member. Settlement Class Members to whom Notice Packets are re-sent after having been returned undeliverable to the Settlement Administrator will have 14 calendar days after the re-mailing date or until the expiration of the Response Deadline, whichever is later, to mail a Request for Exclusion or Notice of Objection. If a Class Member's Notice Packet is returned to the Settlement Administrator more than once as non-deliverable, then an additional Notice Packet will not be re-mailed. Other than as set forth herein, the Response Deadline for any Class Member to submit a Request for Exclusion or Notice of Objection shall not be extended for any reason, including non-receipt or delayed receipt of the Notice Packet.

g.     <u>Notice Packets</u>.  The Notice Packets, substantially in the form attached as Exhibits A, B and C, shall list the number of workweeks worked by the Class Member as reflected in the Pre-Mediation Data and the estimated Individual Settlement Amounts for that Class Member.

h.     <u>Disputes Regarding Individual Settlement Amounts</u>.  Class Members will have the opportunity, should they disagree with Defendant's records regarding the number of workweeks worked stated in their Notice Packet, to provide documentation and/or an explanation to show contrary workweeks worked. Class Members must inform the Settlement Administrator

-14-

within twenty (20) days of the postmark of the Notice Packet if they dispute the number of workweeks worked as stated in the Notice Packet. The written dispute must be referred to as a "Dispute" and must: (a) state the Class Member's name, address, telephone number, and last four digits of his or her social security number or Employee ID number; (b) be signed by the Class Member; (c) state the information the Class Member is challenging; (d) state his or her belief as to the correct number of workweeks worked; (e) explain why the Class Member believes Defendant's records are mistaken and attach any documents or evidence in support of his/her contentions; (f) be postmarked, faxed, or emailed within twenty (20) days of the postmark of the Notice Packets; and (g) returned to the Settlement Administrator. If there is a dispute, the Settlement Administrator will consult with Class Counsel and Defense Counsel to determine whether an adjustment is warranted. The Settlement Administrator's determination of the eligibility for and amount of any Individual Settlement Amount shall be binding upon the Settlement Class Member and the Parties. Defendant's records will be presumed correct unless the Class Member provides documentation that shows Defendant's records are incorrect.

        i.      <u>Disputes Regarding Administration of Settlement</u>. Any disputes not resolved by the Settlement Administrator concerning the administration of the Settlement will be resolved by the Court under the laws of the State of North Carolina. Prior to any such involvement of the Court, counsel for the Parties will confer in good faith to attempt to resolve the disputes without the necessity of involving the Court.

        j.      <u>Exclusions</u>. Class Members who wish to opt-out and exclude themselves from the Settlement and this Agreement must return a written, signed Request for Exclusion to the Settlement Administrator via U.S. Mail. To be valid, the Request for Exclusion must be postmarked by the United States Postal Services on or before the Response Deadline, signed by

-15-

the Settlement Class Member, and contain the name and address of the Class Member, and the last four digits of the Class Member's Social Security number and/or the Employee ID number. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether the Request for Exclusion was timely submitted. Any Class Member who submits a valid and timely Request for Exclusion will be excluded from the Settlement, will not be entitled to receive an Individual Settlement Amount payment under this Agreement, and will not be bound by the terms of the Settlement or have any right to object, appeal, or comment thereon. Class Members who do not submit a valid Request for Exclusion on or before the Response Deadline (referred to herein as the "Settlement Class Members") shall be bound by all terms of the Settlement and this Agreement, including the releases set forth in Paragraph 47 above, and be bound by the Final Approval Order entered in this Action.

No later than fifteen (15) days after the Response Deadline, the Settlement Administrator shall provide Defense Counsel and Class Counsel with a final list of the Class Members who have timely submitted written Requests for Exclusion, and Class Counsel shall file the Requests for Exclusion with the Court when Plaintiff files the Final Approval Motion. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit Requests for Exclusion from the Settlement. Class Counsel reserves the right to encourage Class Members to participate in the Settlement.

k. Objections. Class Members who wish to object to the Settlement must mail a written, signed statement of objection ("Notice of Objection") to the Settlement Administrator. The postmark date shall be deemed the exclusive means for determining whether an objection was timely submitted. To be valid, the Notice of Objection must be postmarked by the United States Postal Services on or before the Response Deadline, must be signed by the Class Member, and

-16-

state: (1) the full name of the Class Member; (2) the last four digits of the Class Member's Social Security number and/or the Employee ID number; (3) the name and case number of the Action; (4) the factual and legal basis for the objection with any supporting documents and evidence; and (5) and a list of all other objections, if any, filed by the Class Member or his/her counsel to any class action settlements pending in any court in the United States in the previous five years. Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement or any aspect of this Agreement. Class Members who timely object will have a right to appear at the Fairness Hearing in order to have their objections heard by the Court. Any Class Member who wishes to appear at the Fairness Hearing, either in person or through counsel, must state his or her intention to do so in writing on his or her written Notice of Objection. Any Class Member who has elected to opt-out of the Settlement by timely submitting a Request for Exclusion may not submit an objection to the Settlement. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to file or serve written objections to the Settlement or appeal from the Final Approval Order. Class Counsel shall not represent any Class Members with respect to any such objections. The Settlement Administrator shall e-mail any objections to counsel for the Parties promptly upon receipt, and Class Counsel shall file any objections with the Court when Plaintiff submits the Final Approval Motion.

51. <u>Funding and Allocation of Gross Settlement Amount</u>. Following Final Approval, Defendant will be required to pay the entirety of the Gross Settlement Amount into the QSF. With the exception of unclaimed proceeds from the FLSA Settlement Payments, no amount of the Gross Settlement Amount will revert to Defendant. Defendant shall pay the entirety of the Gross

Settlement Amount into the QSF as follows: (a) if no objections to the Settlement have been submitted, within 14 days after Final Approval or (b) if objections have been submitted, within 14 days after the deadline for appeal has expired or if an appeal is timely filed, within 14 days after the appellate process has concluded and all appeals have been exhausted. In the event that no objections are filed and Defendant funds the QSF pursuant to subsection (a) above, the Settlement Administrator will not distribute any funds from the QSF until after the 30-day appeal deadline has expired with no appeal filed; provided, however, that the Settlement Administrator will distribute to Class Counsel funds covering the Court-approved Class Counsel Award within seven (7) days after Defendant funds the QSF, and Plaintiff's Counsel shall hold such funds in escrow until the 30-day appeal deadline has expired with no appeal filed.

a. <u>Individual Settlement Amounts</u>. The Individual Settlement Amounts shall be paid from the QSF and calculated pursuant to the settlement formula set forth herein. The Individual Settlement Amounts will be allocated as follows: 50% as wages; 50% as non-wage damages. The Settlement Administrator will be responsible for issuing a form W-2 for the amounts allocated as wages and an IRS Form 1099 for the portions allocated to non-wage damages. The Settlement Checks will remain valid and negotiable during the Check Cashing Period. After that time, any uncashed FLSA Settlement Checks will be canceled by the Settlement Administrator and the funds associated with those checks will be refunded to Defendant (along with any employer's side payroll taxes paid into the QSF with respect to such checks), and any uncashed Rule 23 Settlement Checks will be cancelled by the Settlement Administrator and the Settlement Administrator shall pay the funds associated with such checks in the name of the Settlement Class Member to the unclaimed property fund of the state in which the applicable Settlement Class Member worked for Defendant.

-18-

b.    Calculation of Individual Settlement Amounts. Prior to mailing the Notice Packets, the Settlement Administrator will calculate the estimated Individual Settlement Amount for each Class Member.  The Settlement Administrator will divide the Net Settlement Fund by the total number of workweeks Plaintiff and Class Members were employed ("Workweek Amount") in a relevant position during the time period covered by the Pre-Mediation Data.  The Settlement Administrator will multiply the Workweek Amount by the total number of workweeks that Plaintiff and each Class Member was employed in a relevant position during the time period covered by the Pre-Mediation Data to arrive at an estimated Individual Settlement Amount for Plaintiff and each Class Member.  Plaintiff and each Class Member shall be allocated a minimum Individual Settlement Amount of $20, and in such an event, the estimated Individual Settlement Amounts for all other Class Members shall be adjusted pro rata.  After Final Approval, the Settlement Administrator shall, if necessary, recalculate the Individual Settlement Amounts to account for any Class Members who excluded themselves from the Settlement or any increases to Net Settlement Amount based on any Court-ordered adjustments to the Class Representative Award, the Class Counsel Award, or the Settlement Administration Costs.  Except for Plaintiff, who will receive one Settlement Check, each Settlement Class Member will receive two settlement checks: one Settlement Check with their FLSA Settlement Payment and one Settlement Check with their Rule 23 Settlement Payment. Together, these Settlement Checks will constitute the Settlement Class Member's entire Individual Settlement Amount.    Plaintiff will receive one Settlement Check containing Plaintiff's entire Individual Settlement Amount (inclusive of Plaintiff's Rule 23 Settlement Payment and FLSA Settlement Payment).

c.    Calculation of Payroll Taxes. Within fourteen (14) days after the Response Deadline, the Settlement Administrator shall calculate the employer payroll taxes due on the W-2

portion of the Individual Settlement Amounts for Settlement Class Members and notify Defendant's counsel of the results of this calculation. Defendant will pay those payroll taxes into the QSF in accordance with its funding obligations set forth in Paragraph 51.

                    d.     <u>FLSA Settlement Payment.</u> A portion of the Individual Settlement Amount will be allocated toward each Settlement Class Member's FLSA Claims. This payment is defined as the FLSA Settlement Payment and shall constitute 84% percent of the Individual Settlement Amount for each Settlement Class Member, as that percentage reflects the average percentage of shifts that involved overtime for the Class Members. Each FLSA Settlement Check will state on the back of the check that Settlement Class Members who endorse their FLSA Settlement Check by signing the back of the check and depositing or cashing the check will opt in to the FLSA Collective and be bound by the FLSA release set forth above in Paragraph 47. Those Settlement Class Members who do not wish to opt in to the FLSA Collective and thereby release their FLSA Claims may simply refrain from cashing or depositing the FLSA Settlement Check.

      Specifically, each FLSA Settlement Check shall be affixed with the following endorsement:

      By cashing this FLSA Settlement Check, you are consenting to join the FLSA Collective and fully, finally, and forever releasing, settling, compromising, relinquishing, and discharging the Released Parties from all claims, rights, demands, liabilities, and causes of action of whatever kind or nature, whether known or unknown, arising under the Fair Labor Standards Act for the period of July 26, 2020 through [insert the date the Court grants Preliminary Approval of the Settlement, or August 13, 2024 (whichever date comes earliest)].

                    e.     <u>Rule 23 Settlement Payment.</u> A portion of the Individual Settlement Amount will be allocated toward resolution of each Settlement Class Member's Rule 23 Claims. This payment is defined as the Rule 23 Settlement Payment and shall constitute 16% percent of the Individual Settlement Amount for each Settlement Class Member, as that percentage reflects the average percentage of shifts that did not involve overtime for the Class Members. The Rule

-20-

23 Settlement Payment shall be paid to each Settlement Class Member in consideration for the release of their state law Rule 23 claims as described in Paragraph 47 above.

f. <u>Class Representative Service Award</u>. Defendant agrees not to oppose or object to a motion by Plaintiff for a Class Representative Service Award in the amount of $5,000.00 for her time and effort in bringing and prosecuting the Action in exchange for a General Release as described above. If approved, the Class Representative Service Award shall be paid from the QSF as set forth in Paragraph 51 above. Any portion of the requested Class Representative Service Award that is not awarded to the Plaintiff shall become part of the Net Settlement Amount and shall be distributed to Settlement Class Members as provided in this Agreement. The Settlement Administrator shall issue an IRS Form 1099-MISC to Plaintiff for her Class Representative Service Award. Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on her Class Representative Service Award and shall hold Defendant and the other Released Parties harmless from any claim or liability for taxes, penalties, or interest arising as a result of the Class Representative Service Award. The Class Representative Service Award shall be in addition to Plaintiff's Individual Settlement Amount. In the event that the Court reduces or does not approve the requested Class Representative Service Award, Plaintiff shall not have the right to revoke or renegotiate the Settlement, or file an appeal, and it will remain binding.

g. <u>Class Counsel Award</u>. By way of motion, Class Counsel shall seek (and Defendant will not oppose) a Class Counsel Award, which shall include attorneys' fees not to exceed 33-1/3% of the Gross Settlement Amount, plus reimbursement of actual litigation costs and expenses (in an amount not to exceed $20,000) incurred by Class Counsel in prosecuting the Action, as may be supported by a declaration from Class Counsel. In the event that the Court reduces or does not approve the requested Class Counsel Award, Plaintiff and Class Counsel shall

-21-

not have the right to revoke this Agreement, and it will remain binding. Any portion of the requested Class Counsel Award that is not awarded to Class Counsel shall become part of the Net Settlement Amount and shall be distributed to Settlement Class Members as provided in this Agreement. The Class Counsel Award shall be paid to Class Counsel from the QSF as set forth in Paragraph 51 above. The Settlement Administrator will pay the court-approved Class Counsel Award to Sommers Schwartz, P.C. and issue to Sommers Schwartz, P.C., a Form 1099 with respect to the awarded Class Counsel Award, and Sommers Schwartz, P.C., will be responsible for paying Burns, Day & Presnell, P.A. its share of the court-approved Class Counsel Award and issuing a Form 1099 to Burns, Day & Presnell, P.A. with respect to its share of the awarded Class Counsel Award. Class Counsel shall be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this paragraph. Class Counsel shall retain the right to appeal any award by the Court for attorneys' fees that does not equal 33-1/3% of the Gross Settlement Amount. Defendant shall have no obligation to pay any additional attorneys' fees, expenses, or costs associated with the Action other than funding the QSF with the Gross Settlement Amount. Plaintiff and the Settlement Class Members hereby waive and release any claim for attorneys' fees, expenses, or costs incurred in the prosecution of this Action.

        h.     <u>Settlement Administration Costs</u>. The Settlement Administrator shall be paid for the costs of administration of the Settlement from the QSF. The Settlement Administrator has estimated such costs of administration for the disbursement of the Gross Settlement Amount to be $12,000. No fewer than 21 calendar days prior to the Fairness Hearing, the Settlement Administrator shall provide the Parties with a statement detailing the total costs of administration of this Settlement. The Settlement Administrator shall be paid the court-approved Settlement Administration Costs from the QSF as set forth in Paragraph 51 above.

i. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the cost and expenses incurred in administration of the Settlement. The Parties each represent they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

j. No person shall have any claim against Defendant, any of the other Released Parties, Plaintiff, Settlement Class Members, Class Counsel, Defense Counsel, or the Settlement Administrator based on distributions and payments made in accordance with this Agreement.

52. <u>Option to Terminate Settlement</u>. If, after the Response Deadline and before the Fairness Hearing, the number of Class Members who submitted timely and valid Requests for Exclusion from the Settlement is more than ten percent (10%) of all Class Members, Defendant shall have the right, in its sole discretion, to terminate this Agreement and the Settlement. If Defendant exercises its option to terminate this Agreement and the Settlement, Defendant shall: (a) provide written notice to Class Counsel within twenty-one (21) calendar days after Defendant receives the final list from the Settlement Administrator of those Class Members who submitted valid and timely Requests for Exclusion; and (b) pay the Settlement Administration Costs incurred up to the date or as a result of the termination. If Defendant exercises its right to terminate this Agreement and the Settlement under this Paragraph, the Parties thereafter shall proceed in all respects as if this Agreement had not been executed.

If the actual number of class members identified in the Class Information that Defendant provides to the Settlement Administrator exceeds the 331 Class Members identified in the Pre-Mediation Data, Plaintiff shall have the sole and absolute discretion to terminate the Agreement, unless Defendant agrees to increase the Gross Settlement Amount

on a pro-rata basis for any additional individuals included in the Settlement.   Any such pro-rata increase to the Gross Settlement Amount would be calculated by multiplying the Workweek Value by the total number of workweeks worked by the additional individuals during the time period covered by the Pre-Mediation Data.

53.     Final Settlement Approval and Entry of Final Judgment.  Within thirty (30) days after the expiration of the Response Deadline, Class Counsel shall file a motion requesting final approval of the Settlement, including entry of the Final Approval Order (the "Final Approval Motion").  After Final Approval, the Court shall retain jurisdiction over the Parties to enforce the terms of this Agreement.  In the Final Approval Motion, Plaintiff shall request that the Court enter the Final Approval Order and dismiss the Action with prejudice.  Class Counsel will provide Defense Counsel with a draft of the Final Approval Motion and all supporting paperwork (including the proposed Final Approval Order) at least seven (7) calendar days prior to filing the Final Approval Motion, and Defense Counsel will review and make any revisions within five (5) days thereafter.  Class Counsel will incorporate Defense Counsel's proposed revisions to the extent they are reasonable and consistent with this Agreement.

54.     Nullification of Settlement Agreement. In the event: (i) the Court does not grant Preliminary Approval; (ii) the Court does not grant Final Approval; or (iv) the Settlement does not become final for any other reason, this Agreement shall be null and void, and any order entered by the Court in furtherance of this Settlement shall be treated as void from the beginning. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed, except that any costs already incurred by the Settlement Administrator shall be paid by equal apportionment

-24-

among the Parties. In the event an appeal is filed from the Final Order, or any other appellate review is sought, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

55.    No Effect on Employee Benefits. Nothing in this Agreement, including the payment of the Individual Settlement Amounts, will create a credit or otherwise affect the calculation of any benefits provided to Settlement Class Members under any benefit or compensation plan or program offered by the Released Parties, and no such payment made pursuant to this Agreement will be compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise require or modify coverage, contributions, or benefits under such plans/programs. Amounts paid to Plaintiff or other Settlement Class Members pursuant to this Agreement shall likewise not be deemed to be pensionable earnings nor have any effect on the eligibility for, or calculation of, any of the employee benefits (*e.g.*, vacations, holiday pay, retirement plans, *etc.*) of the Plaintiff or Settlement Class Members.

56.    No Admission by the Parties. Defendant denies any and all claims alleged in this Action and denies all wrongdoing whatsoever. This Agreement is not a concession or admission, and shall not be used against Defendant as an admission or indication with respect to any claim of any fault, concession, or omission by Defendant.

57.    Motions for Preliminary and Final Approval. The Parties and their counsel will cooperate with one another and use their best efforts to effect the Court's approval of the Motions for Preliminary and Final Approval.

58.    No Knowledge of Other Claims. (1) Plaintiff acknowledges, represents, and warrants that, other than the present Action, Plaintiff has not instituted any action or lawsuit against any of the Released Parties and has no current intention of asserting any other claims against any

of the Released Parties in any judicial or administrative forum; and (2) Class Counsel acknowledge, represent, and warrant they do not represent any persons who have expressed any interest in pursuing any litigation or seeking any recovery against any of the Released Parties, other than through this Action.

59. <u>Exhibits and Headings</u>. The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibit to this Agreement is an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

60. <u>Interim Stay of Proceedings</u>. The Parties agree to stay all proceedings in this Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Approval/Settlement Fairness Hearing to be conducted by the Court.

61. <u>Amendment or Modification</u>. This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors-in-interest.

62. <u>Entire Agreement</u>. This Agreement and any attached Exhibits constitute the entire Agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in the Agreement and its Exhibits.

63. <u>Cooperation</u>. The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Settlement. Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other action as may be reasonably necessary to fulfill the terms of this Settlement. The Parties to this Settlement shall use their best

-26-

efforts, including all efforts contemplated by this Settlement and any other reasonable efforts that may become necessary by Court order, or otherwise, to effectuate this Settlement and the terms set forth herein.

64. <u>Authorization to Enter Into Settlement Agreement</u>. Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate actions required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms. The person signing this Agreement on behalf of the Defendant represents and warrants that he or she is authorized to sign this Agreement on Defendant's behalf. Plaintiff represents and warrants that she is authorized to sign this Agreement and that she has not assigned any claim, or part of a claim, covered by this Settlement to a third-party.

65. <u>Execution by Settlement Class Members</u>. The Parties agree that it is impossible or impracticable to have each Settlement Class Member execute this Agreement. The Notice will advise all Settlement Class Members of the binding nature of the release and such will have the same force and effect as if each Settlement Class Member executed this Agreement.

66. <u>Binding on Successors and Assigns</u>. This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

67. <u>Governing Law</u>. All terms of this Agreement and the Exhibits hereto and any disputes arising hereunder shall be governed by and interpreted according to the laws of the State of North Carolina.

68. <u>Construction of Agreement</u>. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties and

that this Agreement will not be construed in favor of or against any of the Parties by reason of their participation in drafting of this Stipulation.

69. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves copies or originals of the signed counterparts.

70. <u>This Settlement Is Fair, Adequate and Reasonable</u>. The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Action and have arrived at this Settlement after extensive arms-length negotiations, taking into account all relevant factors, present and potential.

71. <u>Jurisdiction of the Court</u>. The Parties agree that the Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

72. <u>Publicity</u>. Class Counsel agrees not to issue a press release or other publication disclosing the terms of the Settlement, including the terms of this Agreement. Notwithstanding the foregoing, for the limited purpose of providing adequacy as class counsel in other actions, Class Counsel may disclose the terms of this Settlement on their biographies (including the biographies maintained on their website attorney profiles) and in Court filings.

73. <u>Waiver of Certain Appeals</u>. The Parties agree to waive appeals and to stipulate to class certification for purposes of this settlement only.

PLAINTIFF

Dated: _____
07/10/2024

_____

SHARI HOGG

SOMMERS SCHWARTZ, P.C.

Dated: _07/10/2024_____

_____

KEVIN STOOPS
*Attorney for Plaintiff*

DEFENDANT RETAIL BUSINESS
SERVICES LLC

Dated:_____

_____

By:

Its:

HUNTON ANDREWS KURTH LLP

Dated:_____

_____

Ryan A. Glasgow

*Attorneys for Defendant*

-29-

074487.0001958 DMS 307207507v7

PLAINTIFF

Dated: _____          _____
                                        SHARI HOGG



                                        SOMMERS SCHWARTZ, P.C.

Dated:_____          _____
                                        KEVIN STOOPS
                                        *Attorney for Plaintiff*

                                        DEFENDANT RETAIL BUSINESS
                                        SERVICES LLC

Dated:_____7.11.24_____         _____
                                        By:  Neal Cope
                                        Its: SVP, US Legal Affairs


                                        HUNTON ANDREWS KURTH LLP

Dated:_____7/12/24_____         _____
                                        Ryan A. Glasgow

                                        *Attorneys for Defendant*

074487 0001958 DMS 307207507v7

# Exhibit A

NOTICE OF PROPOSED CLASS/COLLECTIVE ACTION SETTLEMENT AND
FINAL APPROVAL HEARING

| | |
|---|---|
| To: | All current and former employees who worked for Retail Business Services LLC in the United States as hourly customer care representatives between July 26, 2020 and January 13, 2024. |

**PLEASE READ THIS NOTICE CAREFULLY**

IT MAY AFFECT YOUR LEGAL RIGHTS TO MONEY YOU MAY BE OWED IN CONNECTION WITH YOUR EMPLOYMENT BY DEFENDANT, RETAIL BUSINESS SERVICES LLC.  IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST RETURN YOUR COMPLETED REQUEST FOR EXCLUSION FORM ("REQUEST FOR EXCLUSION"), DATED, SIGNED, AND POSTMARKED BY NO LATER THAN _____, 2024 [INSERT DATE 45 DAYS AFTER NOTICE], OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.

IF YOU WISH TO RECEIVE A SHARE OF THE SETTLEMENT PROCEEDS, READ THE ENCLOSED CLASS MEMBER SETTLEMENT INFORMATION SHEET AND CONFIRM THAT THE INFORMATION IS CORRECT.  IF IT IS CORRECT, YOU DO NOT NEED TO DO ANYTHING, AND YOU WILL RECEIVE YOUR SHARE OF THE SETTLEMENT AT A LATER DATE IF THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.  IF THE CLASS MEMBER SETTLEMENT INFORMATION SHEET IS INCORRECT, RETURN IT TO THE SETTLEMENT ADMINISTRATOR IN ACCORDANCE WITH THE INSTRUCTIONS IN THIS NOTICE.

IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

PURSUANT TO THE ORDER OF THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA (THE "COURT"), ENTERED ON _____, 2024, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

## WHAT IS THIS NOTICE ABOUT?

A proposed settlement (the "Settlement") has been reached between Plaintiff Shari Hogg ("Plaintiff") and Defendant Retail Business Services LLC ("Defendant"), in the collective and class action pending in the Court (the "Action") brought on behalf of the following individuals (the "Class"):

> All current and former hourly employees who worked for Defendant in the United States as customer care representatives at any time between July 26, 2020 through January 13, 2024.

The Court has preliminarily approved the Settlement and has conditionally certified the Class for purposes of the Settlement only.  You have received this Notice because Defendant's records indicate that you are a member of the Class ("Class Member").  This Notice is designed to inform you of the Settlement and the process for how you can object to the Settlement or request exclusion from the Settlement. Unless you submit a timely Request For Exclusion, the Settlement, if finally approved by the Court, will be binding upon you.

## WHAT IS THIS LAWSUIT ABOUT?

The Action, which is currently pending in the U.S. District Court for the Middle District of North Carolina (the "Court"), is titled "*Shari Hogg, individually and on behalf of all other similarly situated individuals, Plaintiff v. Retail Business Services LLC, Defendant*," No. 1:23-CV-613-LCB-JLW.

In the Action, Plaintiff alleges that hourly customer care representatives employed by Defendant across the United States were not paid for all of their work time including pre-, mid- and post-shift computer log-in time.  Based on those allegations, Plaintiff has asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Act ("MIWA"), Illinois Wage Payment and Collection Act ("IWPCA"), and claims for common law breach of contract and unjust enrichment.  Plaintiff seeks the recovery of unpaid straight

1

time wages, overtime wages, liquidated damages, interest, costs, attorneys' fees, and other relief. Plaintiff has sued on behalf of herself and all other individuals allegedly similarly situated to her with respect to the claims asserted.

Defendant denies all of Plaintiff's allegations. Specifically, Defendant contends, among other things, that its customer care representatives are and were paid properly for all of their work time; that Plaintiff cannot recover for the claims she has asserted; that Defendant has acted in good faith with respect to the matters that Plaintiff alleges; that a class could not be appropriately certified in the Action; and if a class were certified, Defendant's defenses to Plaintiff's claims would be applicable to the claims of the class.

After good-faith negotiations presided over by a private mediator, Plaintiff and Defendant agreed to settle the Action pursuant to the terms and conditions of the Settlement.

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit, that it has any liability to Plaintiff or the proposed class on those claims, or that it has violated the law in any way. On the contrary, Defendant denies any and all such liability. Defendant reserves the right to object to any claim if for any reason the settlement is terminated or not finally approved by the Court.

Plaintiff and her counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to continued litigation. Plaintiff and her counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

## SUMMARY OF THE SETTLEMENT

### WHY AM I INCLUDED IN THE SETTLEMENT?

You are included in the Settlement because Defendant's records indicate that you were employed by Defendant as a customer care representative between from July 26, 2020 and January 13, 2024.

### WHAT WILL I RECEIVE FROM THE SETTLEMENT?

1. Defendant will pay $525,000.00 as the Gross Settlement Amount. Additionally, Defendant will pay any employer side payroll taxes related to Individual Settlement Amounts.

2. Out of the Gross Settlement Amount, each Class Member who does not submit a valid and timely Request for Exclusion (a "Settlement Class Member") will receive an Individual Settlement Amount that is calculated as follows:

   The Settlement Administrator will calculate the total amount that each Settlement Class Member will receive. The Settlement Administrator will divide the Net Settlement Fund by the total number of workweeks Plaintiff and Settlement Class Members were employed ("Workweek Amount") in a relevant position during the applicable time period. The Settlement Administrator will multiply the Workweek Amount by the total number of workweeks that Plaintiff and each Settlement Class Member was employed in a relevant position during the applicable time period to calculate each Settlement Class Member's Individual Settlement Amount. Plaintiff and each Settlement Class Member shall receive a minimum Individual Settlement Amount of $20, and in such event, the Settlement Administrator shall recalculate each Settlement Class Member's Individual Settlement Amount on a pro-rata basis.

   Each Settlement Class Member will receive two settlement checks: one check with their FLSA Settlement Payment ("FLSA Settlement Check") and a separate check with their Rule 23 Settlement Payment ("Rule 23 Settlement Check"). Together, these checks will constitute the Settlement Class Member's entire Individual Settlement Amount.

Individual Settlement Amounts will be allocated as follows: 50% as wages (reported on an IRS W2 form); 50% as liquidated damages (reported on an IRS 1099 form).

3.    A portion of the Individual Settlement Amount will be allocated toward resolution of each Settlement Class Member's FLSA Claims. This payment is defined above as the FLSA Settlement Payment and shall constitute 84% percent of the Individual Settlement Amount for each Class Member, as that percentage reflects the percentage of shifts that involved overtime for the Class Members. Each FLSA Settlement Payment check will state on the back of the check that Settlement Class Members who endorse their FLSA Settlement Payment check by signing the back of the check and depositing or cashing the check will opt in to the FLSA Collective and be bound by the FLSA Release set forth in the Settlement ("Participating Collective Member"). Those who do not wish to opt in to the FLSA Collective and thereby release their FLSA Claims may simply refrain from cashing or depositing the FLSA Settlement Payment check.

Specifically, each FLSA Settlement Payment check shall be affixed with the following endorsement:

By cashing this FLSA Settlement Payment check, you are consenting to join the FLSA Collective and releasing any and all claims, fully, finally, and forever releasing, settling, compromising, relinquishing, and discharging the Released Parties from all claims, rights, demands, liabilities, and causes of action of whatever kind or nature, whether known or unknown, arising under the Fair Labor Standards Act for the period of July 26, 2020 through [insert the date the Court grants Preliminary Approval of the Settlement, or August 13, 2024 (whichever date comes earliest)].

4.    A portion of the Individual Settlement Amount will be allocated toward resolution of the Rule 23 Claims. This payment is defined above as the Rule 23 Settlement Payment and shall constitute 16% percent of the Individual Settlement Amount for each Settlement Class Member, as that percentage reflects the percentage of shifts that did not involve overtime for the Settlement Class Members. The Rule 23 Settlement Payment shall be paid to each Settlement Class Member who does not timely exclude themselves from the Settlement in consideration for the release of their Rule 23 claims.

5.    Following the Court-approved deductions from the Gross Settlement Amount for the Class Counsel Award, the Class Representative Service Award, and Settlement Administration Costs, the remaining Net Settlement Amount will be paid out entirely to all Settlement Class Members pursuant to the formula set forth in Paragraph 2 above.  An approximation of your Individual Settlement Payment based on these assumptions appears on your Settlement Class Member Information Sheet accompanying this Notice.  Your actual Individual Settlement Payment may be more or less once awarded.

6.    The Individual Settlement Payments and other amounts awarded by the Court will be paid after final court approval of the Settlement, entry of the final judgment, and the exhaustion of all rights to appeal or review, or after any appeal or review has been resolved in favor of the Settlement.

7.    You will be included in the Settlement and receive your Individual Settlement Amount unless you complete and submit by the deadline of _____, 2024 [INSERT DATE 45 DAYS AFTER NOTICE] a Request for Exclusion form that is provided with this Notice and in accordance with the conditions for submitting that Request for Exclusion.  If you do not complete and submit this form in accordance with the conditions for submitting that Request for Exclusion, you will be bound by this Settlement, including the release of your claims, and receive an Individual Settlement Amount.  If you do complete and submit by the deadline a Request for Exclusion Form in accordance with the conditions for submitting that Request for Exclusion, you will be excluded from the Settlement and will not receive an Individual Settlement Amount, but you will retain the right you may have, if any, to pursue a claim against Defendant.

8.    The Court has appointed Atticus Administration LLC to act as an independent Settlement Administrator and to resolve any dispute concerning the calculation of a Settlement Class Member's entitlement to an Individual Settlement Payment.

3

9.  If you dispute the accuracy of any of the information used to calculate your Individual Settlement Payment as shown on your enclosed Settlement Class Member Information Sheet, you must ask the Settlement Administrator to resolve the matter. In order to do so, you must return a signed copy of your Settlement Class Member Information Sheet to the Settlement Administrator by the deadline of _____, 2024, informing the Settlement Administrator of the fact of the dispute and the basis for your contention that different information is correct for you (including any documentary evidence that you have to support your contention). In the event of such a dispute, Defendant will manually review its payroll and personnel records to verify the correct information. Defendant's records will have a rebuttable presumption of correctness. After consultation with you, Class Counsel, and Defendant, the Settlement Administrator will make a determination of the correct information, and that determination will be final, binding on you and Defendant, and non-appealable.

10. Upon final approval of the Settlement by the Court, all Settlement Class Members will be deemed to have released (a) Defendant, (b) its past and present direct and indirect parents, subsidiaries, and affiliates, and (c) the predecessors, successors, assigns, shareholders, officers, directors, employees, attorneys, fiduciaries, insurers, representatives, and agents of the entities in (a) and (b), in both their individual and business capacities ("Released Parties") from any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, that are based on or reasonably related to the claims asserted in the Action, and specifically the following claims: claims for unpaid wages (including claims for regular wages, overtime, and gap time wages) under all applicable state statutory and common law theories. This Release also includes claims that Plaintiff and the Settlement Class Members may have against the Released Parties relating to (i) the payment and allocation of attorneys' fees, costs, and expenses to Class Counsel pursuant to this Agreement and (ii) the payment of the Class Representative Service Award pursuant to this Agreement. All Participating Collective Members will also be deemed to have opted-in to the FLSA Collective and shall be deemed to have released any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities against the Released Parties under the FLSA that are based on or reasonably related to the claims asserted in the Action, and specifically claims related to overtime compensation. The period of the releases in this paragraph shall extend through the earlier of the date of Preliminary Approval or August 13, 2024 (the "Class Period"). The releases in this Paragraph expressly exclude claims for retaliation, wrongful termination, unemployment, disability, worker's compensation, and claims outside of the Class Period.

11. In addition to her Individual Settlement Payment as a Settlement Class Member, Plaintiff Shari Hogg, will seek approval from the Court for a payment of a Class Representative Service Award in the amount of $5,000.00 to be paid from the Gross Settlement Amount, for her time and effort in bringing and prosecuting this matter and in exchange for a General Release.

12. Class Counsel have represented and continue to represent the Class on a contingency-fee basis. That means that attorneys' fees are paid only if money is recovered for the Class. It is common to award attorneys' fees as a percentage of the settlement amount negotiated by the attorneys for the class. As part of the final approval hearing, Kevin J. Stoops of Sommers Schwartz, P.C., will request up to $175,000.00 for attorneys' fees (33 1/3% of the Gross Settlement Amount) and the litigation expenses and costs (estimated to not exceed $20,000.00) incurred by Class Counsel (Sommers Schwartz, P.C., and Burns Day & Presnell, P.A.) in connection with this case. Class Counsel's attorneys' fees and expenses as approved by the Court will be paid out of the Gross Settlement Amount.

13. The reasonable costs of administering the Settlement, including the Settlement Administrator's fees and expenses, not to exceed $12,000.00, will be paid out of the Gross Settlement Fund.

14. Any Settlement Checks issued to Settlement Class Members will remain valid and negotiable for one hundred and eighty days (180) from the date of their issuance. After that time, any uncashed check proceeds for FLSA Settlement Payments will be returned to Defendant, and any uncashed check proceeds for Rule 23 Settlement Payments will be turned over to the unclaimed property division for the state(s) in which the applicable Settlement Class Member worked for Defendant, or to such other *cy pres* designee as the Court may order.

15. Plaintiff as Class Representative and Class Counsel support the Settlement. Their reasons include the risk of denial of class certification and a trial on the merits, the inherent delays and uncertainties associated with

litigation, and the possibility that the Class is not entitled to any recovery. Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believe that the Settlement is fair, reasonable, and adequate.

## WHAT ARE MY RIGHTS AS A CLASS MEMBER?

1.  **Participating in the Settlement:** Plaintiff as Class Representative and Class Counsel represent your interests as a Class Member. Unless you submit a timely and valid Request for Exclusion form, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against Defendant and the other Released Parties described above. As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and expenses.

2.  **Objecting to the Settlement:** You may object to the terms of the Settlement before final approval.

### MAIL YOUR OBJECTION TO:

*Hogg v. Retail Business Services LLC,* Settlement Administrator
Atticus Administration LLC
_____

Any written objection must contain (1) your full name; (2) the last four digits of your Social Security number and/or your Employee ID number; (3) the name and case number of the Action; (4) the factual and legal basis for your objection with any supporting documents and evidence; and (5) a list of all other objections, if any, you or anyone on your behalf has filed in any class action settlements pending in any court in the United States in the previous five years.

Written objections to the Settlement must be postmarked by not later than _____, 2024. [INSERT DATE 45 DAYS AFTER NOTICE]

If you submit a timely written objection, you also may appear or appear through counsel of your choice, paid at your own expense, and be heard at the time of the final approval hearing, if you wish to do so, but only if you indicate in your objection that you intend to appear.

If the Court overrules your objection, you will be bound by the terms of the Settlement and receive an Individual Settlement Payment.

**Settlement Class Member Information Sheet:** The enclosed Settlement Class Member Information Sheet provides the information on which your Individual Settlement Payment will be calculated and an estimate of your Individual Settlement Payment if all Class Members participate and all payment amounts are awarded; your actual Individual Settlement Payment may be more or less. If the information in the Settlement Class Member Information Sheet (including your mailing address) is correct, you do not need to return the form. If the information contained in the Settlement Class Member Information Sheet is incorrect, please correct the information on the sheet and return it to the Settlement Administrator. If you believe information is incorrect, state on the Settlement Class Member Information Sheet which information is incorrect and (other than with respect to your name, your address, and the last four digits of your Social Security number) include any documentation you have to support that contention. The Settlement Class Member Information Sheet must be completed, signed by you, and returned to the Settlement Administrator postmarked by no later than _____, 2024 [INSERT DATE 20 DAYS AFTER NOTICE]. It is your obligation to keep the Settlement Administrator informed of any changes in your mailing address until your Individual Settlement Payment is received, should final approval of the Settlement be granted. Failing to provide the Settlement Administrator with any change of your mailing address may prevent you from receiving your Settlement Checks.

5

**Excluding Yourself from the Settlement:**  If you do not wish to participate in the Settlement, you must complete the enclosed Request for Exclusion form.  The Request for Exclusion form must be completed, dated, signed by you, and returned to the Settlement Administrator by not later than _____, 2022 [INSERT DATE 45 DAYS AFTER NOTICE].  A Class Member who fails to mail a Request for Exclusion form in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement, and will receive an Individual Settlement Payment, if the Settlement is approved by the Court, and be bound by any judgment entered by the Court, regardless of whether he or she has objected to the Settlement.

Any person who submits a complete and timely Request for Exclusion form to the Settlement Administrator will, upon receipt, no longer be in the Class and will not be eligible to receive an Individual Settlement Amount, and will not be included in calculating the Individual Settlement Amounts of any other Settlement Class Members.  Any such person will retain the right, if any, to pursue at his or her own expense a claim against Defendant.  An incomplete or unsigned Request for Exclusion form will be deemed invalid.

Consistent with Defendant's policies, there will be no retaliation or adverse action taken against any Class Member who participates in the Settlement or elects not to participate in the Settlement.

**Settlement Administrator's Address:**  If applicable, send your corrected Settlement Class Member Information Sheet or your Request for Exclusion to the Settlement Administrator at the following address:

*Hogg v. Retail Business Services LLC,* Settlement Administrator
Atticus Administration LLC
_____

---

**FINAL SETTLEMENT APPROVAL HEARING**

The Court will hold a final approval hearing on _____, 2024, at _____ a.m., at the U.S. District Court for the Middle District of North Carolina, Hiram H. Ward Federal Building, 251 N. Main Street, Winston-Salem, North Carolina 27101, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve the requests for the Class Representative Service Award, the Class Counsel Award, and the Settlement Administration Costs.

The hearing may be postponed or modified to a remote proceeding without further notice to the Class.  **It is not necessary for you to appear at this hearing.  If you have submitted an objection and indicated that you intend to appear in the manner set forth above, you may appear at the hearing and be heard.**

---

**GETTING MORE INFORMATION**

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on file with the Clerk of the Court and which will be available upon request to the Settlement Administrator.  The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at the Clerk's Office, U.S. District Court for the Middle District of North Carolina, Hiram H. Ward Federal Building, 251 N. Main Street, Winston-Salem, North Carolina 27101, during the Clerk's normal business hours; or you may contact Class Counsel or the Settlement Administrator.

**PLEASE DO NOT TELEPHONE THE COURT OR DEFENDANT'S COUNSEL FOR
INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.
YOU MAY, HOWEVER, CALL ANY OF THE CLASS COUNSEL LISTED ABOVE OR
THE SETTLEMENT ADMINISTRATOR.**

Dated: _____, 2024
By Order of the Court

6

# Exhibit B

***HOGG V. RETAIL BUSINESS SERVICES LLC***
**U.S. District Court for the Middle District of North Carolina**
**No. 1:23-CV-613-LCB-JLW**

**REQUEST FOR EXLUSION FROM CLASS ACTION SETTLEMENT**

**IF YOU WANT TO BE INCLUDED IN THIS CLASS ACTION SETTLEMENT AND RECEIVE YOUR SETTLEMENT SHARE, DO NOT FILL OUT THIS FORM.**

**IF YOU DO NOT WANT TO BE INCLUDED IN THE SETTLEMENT, YOU MUST DATE AND SIGN THIS DOCUMENT AND MAIL IT BACK TO THE ADDRESS BELOW, POSTMARKED NOT LATER THAN _____, 2024 [INSERT 45 DAYS AFTER NOTICE DATE]:**

*Hogg v. Retail Business Services LLC,* Settlement Administrator
Atticus Administration LLC
_____

---

I have received the enclosed NOTICE OF PROPOSED CLASS/COLLECTIVE ACTION SETTLEMENT AND FINAL APPROVAL HEARING and I wish to be excluded from the Settlement Class and to ***not*** to participate in the proposed Settlement. I understand this means that I will not be bound by the settlement and will not share in the Settlement proceeds, but I will retain the right, if any, to pursue a claim against Retail Business Services LLC, with respect to the matters raised in the action referenced above.

Typed or Printed Name: _____

Address: _____

City, State, Zip Code: _____

Telephone Number, Including Area Code: _____

Last four digits of Social Security number: xxx-xx-_____

Dated: _____, ____. _____
*(signature)*

# Exhibit C

**HOGG V. RETAIL BUSINESS SERVICES LLC**
**U.S. District Court for the Middle District of North Carolina**
**No. 1:23-CV-613-LCB-JLW**

**CLASS ACTION SETTLEMENT**
**CLASS MEMBER INFORMATION SHEET**

**DEFENDANT'S RECORDS INDICATE YOU ARE A MEMBER IN THE CLASS DESCRIBED IN THE ENCLOSED NOTICE OF PROPOSED CLASS/COLLECTIVE ACTION SETTLEMENT AND FINAL APPROVAL HEARING. IF YOU WANT TO RECEIVE A SHARE OF THE SETTLEMENT, REVIEW THE INFORMATION BELOW TO CONFIRM THAT YOUR CONTACT AND PERSONNEL INFORMATION IS CORRECT.**

**IF THIS INFORMATION IS ACCURATE, DO <u>NOT</u> RETURN THIS SHEET: YOU AUTOMATICALLY WILL RECEIVE YOUR SETTLEMENT SHARE UNLESS YOU SUBMIT A REQUEST FOR EXCLUSION.**

**IF THE INFORMATION BELOW IS NOT CORRECT, PROVIDE CORRECTED INFORMATION, DATE AND SIGN THIS FORM (AT THE BOTTOM OF THE PAGE), AND MAIL IT, POSTMARKED NOT LATER THAN _____, 2024, TO:**

*Hogg v. Retail Business Services LLC* Settlement Administrator
Atticus Administration LLC
_____

**PERSONNEL INFORMATION FOR**
**CLASS MEMBER RECEIVING THIS NOTICE**

1.  Your name: _____

2.  Your mailing address: _____

    _____

3.  Last four digits of your Social Security number:      XXX-XX-_____

4.  Total number of Workweeks you worked for Defendant as a Class Member between July 26, 2020 and January 13, 2024 (your "Workweeks"):

 Workweeks

5.  Your estimated Settlement Share:

$

**IF ANY OF THE INFORMATION SHOWN ABOVE (NUMBERS 1 TO 5) IS NOT CORRECT, PLEASE SO INDICATE BELOW.  IF YOU ARE DISPUTING ANY INFORMATION IN NUMBERS 4 TO 5 SHOWN ABOVE, STATE WHAT YOU BELIEVE TO BE THE CORRECT INFORMATION AND ATTACH ANY DOCUMENTATION THAT SUPPORTS YOUR CONTENTION.**

**IF YOU DISPUTE THE AMOUNT OF YOUR WORKWEEKS WORKED BELOW, DEFENDANTS' RECORDS WILL CONTROL UNLESS YOU ARE ABLE TO PROVIDE DOCUMENTATION TO THE CLAIMS ADMINISTRATOR THAT ESTABLISHES OTHERWISE AND THAT DEFENDANT'S RECORDS ARE MISTAKEN. IF ANY DISPUTE CANNOT BE RESOLVED INFORMALLY, THE DISPUTE WILL BE RESOLVED BY THE SETTLEMENT ADMINISTRATOR.**

| Corrected Information | |
|---|---|
| 1.  Your *corrected* name: | _____ |
| 2.  Your *corrected* mailing address (include telephone number, starting with area code): | _____<br>_____<br>_____ |
| 3.  *Corrected* last four digits of your Social Security number (you are *not* required to provide your entire Social Security number): | XXX-XX-_____ |
| 4.  *Corrected* number of Workweeks you worked for Defendant as an hourly Customer Care Representative between July 26, 2020 and January | _____ |

2

| Corrected Information |  |
|---|---|
| 13, 2024 (your "Workweeks"): |  |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____ ___, 2024

_____
(Signature)

**PLEASE REMEMBER:  IT IS YOUR OBLIGATION TO INFORM THE SETTLEMENT ADMINISTRATOR OF ANY CHANGE TO YOUR MAILING ADDRESS PRIOR TO YOUR RECEIPT OF YOUR SETTLEMENT SHARE.  FAILURE TO UPDATE YOUR MAILING ADDRESS MAY PREVENT YOUR RECEIPT OF YOUR SETTLEMENT SHARE.**