# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **SHARI HOGG,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**RETAIL BUSINESS SERVICES LLC**,<br><br>Defendant. | 1:23-cv-613 |

### ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, ATTORNEYS' FEES, LITIGATION EXPENSES, SETTLEMENT ADMINISTRATION FEE, AND SERVICE AWARD

This matter came on for hearing before the Court on March 10, 2025, on a motion by Plaintiff Shari Hogg ("Plaintiff"), on behalf of herself and similarly situated employees of Defendant Retail Business Services LLC ("Defendant") (together, the "Parties"), for Final Approval of the parties' Collective and Class Action Settlement Agreement (hereinafter, the "Settlement Agreement"), (ECF No. 33), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C section 216(b), and Plaintiff's Motion for Approval of Attorneys' Fees, Litigation Expenses, Settlement Administration Fees, and Class Representative Service Award, (ECF No. 31).

Having considered the papers filed in support of the motions, the arguments of counsel, and the law, the Court now enters this Order based on the following Findings of Fact and Conclusions of Law:

1. The Court has jurisdiction over the subject matter of this litigation and parties to this action, including the Settlement Class Members (hereinafter the "Class Members"), as such term is defined in the Settlement Agreement.

2. The Notice given to Class Members fully and accurately informed Class Members of all material elements of the proposed settlement, constituted valid, due, and sufficient notice to all Class Members, and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

3. All participating Class Members are bound by the settlement.

4. The six (6) Class Members who requested exclusion from the Settlement by properly submitting request for exclusion form by the date set by the Court are not bound by the Settlement, have not released any claims, and will not obtain any monetary or other benefits of the Settlement.

5. No Class Members submitted any objections to the Settlement.

6. Sommers Schwartz, P.C. and Burns, Day & Presnell, P.A., are appointed as Class Counsel.

7. Plaintiff Shari Hogg is appointed as Class Representative.

8. The following amounts shall be distributed by the Settlement Administrator from the Gross Settlement Amount:

    a. Attorneys' fees to be paid to Class Counsel in the amount of $175,000;

    b. Litigation expenses to be paid to Class Counsel in an amount not to exceed $20,000;

    c. Settlement administration fees to Atticus Administration LLC, in an amount not to exceed $12,000; and

    d. Class Representative service award to Shari Hogg in the amount of $5,000.

9. The Court hereby grants final approval of the Settlement of this action in accordance with the terms of the parties' Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate in all respects.

10. Without affecting the finality of this Order in any way, the Court retains jurisdiction over enforcement of the Settlement Agreement.

11. This Courts makes no finding or conclusion of law as to the validity or invalidity of any claims in this action or a determination of any wrongdoing by Defendant. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Defendant, Plaintiff, or the Class Members.

12. The terms of the Settlement Agreement remain binding upon the parties thereto, who are directed to implement its provisions.

13. The Court hereby dismisses this action, and all claims and causes of action asserted therein, on the merits and with prejudice, as to Plaintiff and all Class Members. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

14. A Judgment shall be filed contemporaneously with this Order.

**IT IS SO ORDERED.**

This, the 11th day of March 2025.

/s/ Loretta C. Biggs
Senior United States District Judge